# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA KOROSEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | NO. _____ |
| v. ) | |
| ) | |
| APC WORKFORCE SOLUTIONS, LLC ) | |
| d/b/a WORKFORCE LOGIQ; and GREG ) | |
| FENTON, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

Plaintiff Christina Korosec ("Plaintiff" or "Korosec") files this Complaint against Defendant APC Workforce Solutions, LLC d/b/a Workforce Logiq, ("Workforce"), and Defendant Greg Fenton ("Fenton"), (collectively "Defendants") showing the Court as follows:

## INTRODUCTION

1. This civil rights action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff was subjected to discrimination based on gender and retaliated against for opposing that discrimination. Plaintiff seeks injunctive and equitable relief, back pay and

compensatory damages, and punitive damages to remedy these civil rights violations.

2. This action is also brought to redress the sexual harassment Defendants forced her to endure and the retaliatory termination she experienced because of her opposition to the harassment. Plaintiff seeks equitable relief and monetary damages, including punitive and compensatory damages from both defendants.

## PARTIES

3. Plaintiff Christina Korosec is a resident of Atlanta, Georgia, and submits herself to the jurisdiction of this Court.

4. Defendant Workforce is a global provider of workforce management solutions with its principal place of business in Orlando, Florida.

5. At the time of the events of which Plaintiff complains, Defendant Workforce conducted business, maintained facilities, and derived substantial revenue in Atlanta and is subject to the jurisdiction and venue of this Court.

6. Defendant Greg Fenton is, upon information and belief, a resident of Atlanta, Georgia.

7. Workforce may be served with process by serving a copy of the Complaint and Summons on the registered agent, Corporate Creations Network Inc, at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30060.

8. Defendant Fenton may be served at 6400 Blue Stone Rd, Unit 1001 Atlanta, GA, 30328.

9. Korosec, at all times relevant hereto, was an "employee" within the meaning of Title VII.

10. Defendant Workforce, now and at all times relevant hereto, is an "employer" as defined by Title VII.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction under Title VII and 28 U.S.C. § 1331 & § 1343(a)(4).

12. The Court has supplemental jurisdiction regarding the state law claims under 28 U.S.C. § 1367 since these claims arise from part of the same case or controversy.

13. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Workforce conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

14. Korosec filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 10, 2019, within 180 days of the occurrence of the acts of which she complains.

15. Korosec received a Notice of Right to Sue on September 30, 2020.

16. This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Korosec's Notice of Right to Sue.

## STATEMENT OF FACTS

17. Korosec began working for Workforce on October 17, 2018, as a Senior Sourcing Manager.

18. During her time with Workforce, Korosec never received any sort of disciplinary action, oral, written, or otherwise.

19. In May 2019, Workforce hired Greg Fenton as Senior Vice President. Fenton became Korosec's supervisor upon his arrival through her termination.

20. From the beginning of Fenton's employment, he made inappropriate sexual comments to Korosec.

21. Fenton made sexually inappropriate comments or advances approximately three times a week during the entirety of his supervision over Korosec.

22. Fenton would make comments to Korosec that included, but were not limited to, "it would be great to get to know you outside of the office;" "you are incredibly sexy;" and "my marriage is in trouble and I am looking for some fun."

23. Fenton rubbed Korosec's thigh when he sat beside her at a work function outside of the office and she promptly stood up and left the event early. During work meetings Fenton would brush his hand against Korosec's back and shoulder.

24. Fenton scheduled one on one meetings with Korosec outside of the office, suggesting these meetings take place mainly at his home. Korosec tried to avoid these conversations and Fenton's advances.

25. In July 2019, Korosec went to her direct supervisor, Ludis Fraser, and reported Fenton's sexual harassment. Nothing was done.

26. Fenton continued to pursue and sexually harass Korosec by making frequent comments about her appearance.

27. In August 2019, Korosec complained to Fraser again and warned Fraser that she was going to report Fenton's sexual harassment to Human Resources. Again, nothing was done.

28. Later, on August 21, 2019, Fenton asked Korosec out for drinks for a one-on-one meeting at his new residence. She declined.

29. Two days later, on August 23, 2019, Workforce terminated Korosec before she spoke with Human Resources but after multiple complaints to Fraser.

30. The unlawful, discriminatory, and retaliatory actions by Workforce and its agents and employees were done during and within the scope of their agency and employment with Workforce. All such actions were taken by Fenton and Fraser using their positions as Workforce executives. Defendant Workforce gave them authority over Korosec's employment on its behalf (which included the authority to terminate her). They could not have taken their unlawful actions against Korosec absent their status as agents and employees of Workforce.

31. Because of Workforce's unlawful, discriminatory, and retaliatory actions and practices, Korosec has suffered and continues to suffer severe monetary and garden variety emotional damages.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
**(Against Defendant Workforce)**

32. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

33. Fenton sexually harassed Korosec by creating a hostile work environment that affected the terms and conditions of her employment. Korosec also suffered a tangible employment action after she refused Fenton's advances.

34. Defendant Workforce's discrimination against Korosec because of her gender in her terms and conditions of employment and termination violates the statutory provisions and protections of Title VII.

35. As a direct and proximate result of Workforce's violations of Title VII, Korosec has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

36. Korosec is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

37. Workforce's acts and conduct constitute willful and intentional discrimination.

38. Workforce engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Korosec's rights.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII
**(Against Defendant Workforce)**

39. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

40. Korosec engaged in protected activity by reporting the sexual harassment she endured to her supervisor.

41. Workforce retaliated against Korosec by terminating her for reporting sexual harassment in violation of Title VII.

42. As a direct and proximate result of Workforce's violations of Title VII, Korosec has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

43. Workforce engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Korosec's rights.

44. As a direct and proximate result of Workforce's violations of Title VII, Ms. Korosec has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

### COUNT III
### ASSAULT
### (Against Defendant Fenton)

45. The actions of Fenton describe above constitute assault as he threatened to and did in fact make unjustified, harmful, and offensive contact with Korosec.

46. As a direct and proximate result of the assault committed by Fenton, Korosec suffered, and will in the future suffer from these and other damages.

47. Fenton acted with malice when he assaulted Korosec.

## COUNT IV
## BATTERY
### (Against Defendant Fenton)

48. The actions of Fenton described above constitute battery as he made unjustified, harmful, and offensive contact with Korosec. For example, Fenton rubbed Korosec's thigh, back, and shoulder.

49. As a direct and proximate result of the battery committed by Fenton, Korosec suffered, and will in the future suffer from these and other damages.

## COUNT V
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against Defendant Workforce)

50. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

51. Defendant Workforce owed a duty of care to Korosec to exercise reasonable caution and diligence when hiring Defendant Fenton so as to avoid hiring a man who could be reasonably foreseen to sexually harass and or otherwise endanger female employees as Defendant Fenton did in this case.

52. Defendant Workforce breached this duty of care by, inter alia, failing to perform reasonable pre-employment investigation and inquiry concerning Defendant Fenton, and by otherwise failing to exercise reasonable caution and diligence when hiring him.

53. As a direct and proximate result of Defendant Workforce's breach of this duty of care, Korosec has suffered damages, including emotional damages and loss of employment and compensation.

54. After hiring Defendant Fenton, Defendant Workforce owed a continuing duty of care to Korosec to exercise reasonable caution and diligence in retaining, supervising, and training Defendant Fenton to avoid reasonably foreseeable conduct amounting to sexual harassment or otherwise endangering female employees as Defendant Fenton did in this case.

55. Defendant Workforce breached this duty of care by, inter alia, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Defendant Fenton would sexually harass, or otherwise endanger female employees like Korosec as happened in this case.

56. As a direct and proximate result of Defendant Workforce breach of its duty of care, Korosec has suffered damages, including emotional damages and loss of employment and compensation.

## COUNT VI
## RATIFICATION
### (Defendant Workforce)

57. Defendant Workforce acted to ratify Defendant Fenton's sexual harassment and intentional infliction of emotional distress of Plaintiff by, inter alia,

retaining Defendant Fenton after having actual or constructive knowledge of his unlawful behavior and/or by retaliating against Plaintiff after her report of Defendant Fenton's misconduct and is thus liable for all damages which the jury may determine appropriate to compensate the Plaintiff for the harm done.

## COUNT VII
## PUNITIVE DAMAGES O.C.G.A. § 51-12-5.1
**(Against All Defendants)**

58. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

59. Defendants' above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b).

60. Additionally, and in the alternative, Defendants' actions display within the meaning of that statute, an entire want of care indicative of a conscious indifference to his actions' consequences.

## COUNT VIII
## ATTORNEY'S FEES AND EXPENSES
## OF LITIGATION O.C.G.A. § 13-6-11
**(Against All Defendants)**

61. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

62. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Korosec unnecessary trouble and expense in litigating this case, and Korosec

is thus entitled to recovery of the expenses of this litigation, including attorney's fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Korosec respectfully invokes the powers of this Court and prays for the following:

a) That the Court grant trial by jury;

b) That the Court issue a declaratory judgment that Workforce's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination as provided by Title VII; and that the Court permanently enjoin Workforce from such conduct in the future;

c) That Plaintiff have and recover from Workforce all amounts available under Title VII, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

d) That Plaintiff have and recover from Defendant punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant.

e) That Plaintiff have and recover from Workforce all amounts available under O.C.G.A, including but not limited to, compensatory and consequential damages, and punitive damages.

f) That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

g) That Workforce be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

h) That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 23rd day of December 2020.

LEGARE, ATTWOOD & WOLFE, LLC

*s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Ave, Suite 380
Decatur, Georgia 30033
Telephone: (470) 823-4000
Facsimile: (470) 201-1212